# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3268

_____

Frontier Leasing Corporation,          *
                                       *
            Appellee,                  *
                                       *    Appeal from the United States
      v.                               *    District Court for the
                                       *    Southern District of Iowa.
Griffin Petroleum, Inc.; Steven H.     *
Griffin,                               *          [UNPUBLISHED]
                                       *
            Appellants.                *

_____

Submitted: May 14, 2002

Filed: June 5, 2002

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

PER CURIAM.

This diversity case arises from a lease of equipment for convenience stores. Griffin Petroleum, Inc. (GPI), the lessee, eventually closed its stores and stopped making lease payments to Frontier Leasing Corporation (Frontier), the lessor. Frontier thereupon brought suit against both GPI and Steven H. Griffin, the personal

guarantor of GPI's lease obligations. The District Court[1] granted summary judgment to Frontier. GPI and Mr. Griffin appeal.

For reversal, appellants argue that genuine issues of material fact concerning the amount of damages Frontier is entitled to recover preclude summary judgment and require remand for further proceedings. Having reviewed both the applicable state law and the summary-judgment record de novo, we conclude that appellants' arguments are meritless. No error of law appears and an extended opinion would lack significant precedential value. We therefore affirm on the basis of the District Court's thorough and well-reasoned opinion. See 8th Cir. R. 47B.

Appellants' motion to supplement the record is granted. Their various requests for relief from judgment on the grounds raised in their motion are denied. All of these requests arise from appellants' post-judgment discovery that Wells Fargo & Co., which is on the District Court's recusal list, has an undetermined direct or indirect pecuniary interest in the case. This interest was in no way obvious or discoverable by the District Court, and was not disclosed to the court, and the court therefore had no knowledge of it, until months after the court's judgment had been entered and while the case already was on appeal in this Court. In these circumstances, we agree with the District Court that post-judgment relief on account of Wells Fargo's interest in the case is not required.[2]

The judgment of the District Court is affirmed.

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

[2]We note with approval that after being made aware of Wells Fargo's interest in the case and denying the motion to vacate the judgment the District Court referred the case to the chief judge of the district for purposes of all further post-judgment motions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.